[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10829
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cr-00033-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MILTON SCOTT PRUITT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13, 2011)

Before DUBINA, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

This case is about the knowing receipt on computers of child-pornography

images under 18 U.S.C. § 2252A(a)(2). Defendant argues that his convictions for

receiving child-pornography images are based on insufficient evidence; we affirm the convictions.

## I. BACKGROUND

In 2007, Milton Scott Pruitt ("Defendant"), a deputy sheriff in the Forsyth County Sheriff's Department, used his work computer to access and view child-pornography images. Instead of saving the images directly to his work computer, Defendant used his computer to access the images remotely: the images remained stored electronically on the County's network server. The images resided in computer folders assigned to the sole Forsyth County detective in charge of investigating computer crimes, including child-pornography cases; and some of the files were identified, in part, by the letters "CP," an abbreviation the County used for "child pornography." Defendant had no work-related purpose for accessing the images.

The County caught Defendant when the information technology network manager noticed an unusual amount of internet activity on the County's network and traced the accessing of the child-pornography images to Defendant's account.

A County investigator and a Georgia Bureau of Investigation special agent interviewed Defendant about the child-pornography images that Defendant accessed on his work computer. Defendant admitted to opening and viewing the images out of "curiosity" and "stupidity." Defendant then gave the special agent permission to search Defendant's home computer, which the agent did.

On the home computer, the special agent found about 70 child-pornography images in the computer's cache (also known as the temporary internet folders).[1] And the special agent also found over 200 child-pornography images in the unallocated space on Defendant's home computer.[2] The agent determined that the person logged into the computer's "HP Administrator" account -- which evidence showed was Defendant's own account -- had on several different dates employed

_____

[1] When a person uses the Internet, his browser <u>automatically</u> saves the content of the visited websites, including the images on those sites. This process, known as "caching," temporarily archives the files for the purpose of reducing page-loading time if the user revisits the sites. See <u>United States v. Kain</u>, 589 F.3d 945, 948 n.3 (8th Cir. 2009) (citing <u>Microsoft Computer Dictionary</u> 81 (5th ed. 2002) (defining computer "cache" as a "special memory subsystem in which frequently used data values are duplicated for quick access")).

[2] "Unallocated space is space on a hard drive that contains deleted data, usually emptied from the operating system's trash or recycle bin folder, that cannot be seen or accessed by the user without the use of forensic software. Such space is available to be written over to store new information. Even if retrieved, all that can be known about a file in unallocated space (in addition to its contents) is that it once existed on the computer's hard drive." <u>United States v. Flyer</u>, No. 08-10580, 2011 WL 383967, at *6 (9th Cir. Feb. 8, 2011).

child-pornography-related search terms and had visited child-pornography-related websites.

After a trial, the jury convicted Defendant on two counts under 18 U.S.C. § 2252A(a)(2)(A), which prohibits "knowingly receiv[ing]" child pornography. The jury convicted Defendant for receiving child-pornography images on his work computer (Count One) and on his home computer (Count Two). The jury acquitted Defendant on a charge under 18 U.S.C. § 2252A(a)(4)(B) for "knowingly possess[ing]" child pornography on his home computer.

The district court sentenced Defendant to imprisonment for 98 months for each guilty count, to run concurrently, followed by ten years of supervised release.

On appeal, Defendant's chief argument is that the evidence was insufficient to prove that he "knowingly receive[d]" child pornography on his work and home computers in violation of 18 U.S.C. § 2252A(a)(2)(A).[3]

We review de novo the sufficiency of the evidence submitted at trial. United States v. Garcia-Bercovich, 582 F.3d 1234, 1237 (11th Cir. 2009). We must decide whether a reasonable jury could have found that the evidence established Defendant's guilt beyond a reasonable doubt, viewing the evidence "in

---

[3] Defendant also challenges the district court's sentence. We review the reasonableness of a sentence for abuse of discretion, United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010), and see no reversible error here.

the light most favorable to the government, drawing all reasonable inferences and making all credibility choices in the government's favor." United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005).

## II.  DISCUSSION

At the time of Defendant's acts, the child-pornography-receipt statute provided,

> Any person who . . . knowingly receives or distributes . . . any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer [shall be punished].

18 U.S.C. § 2252A(a)(2)(A) (emphasis added).

Defendant seemingly took no affirmative steps to save images onto his computers' hard drives.  Instead, for the work computer, Defendant used his computer to access child-pornography images saved on the County's network server without his actively saving images directly to his work computer's hard drive.  And it is not evident that Defendant took steps to save images to the hard drive on his home computer; investigators discovered child-pornography images in the computer's cache and in the unallocated spaces on the computer's hard drive.

The ordinary meaning of "receive" is "to knowingly accept"; "to take possession or delivery of"; or "to take in through the mind or senses." Webster's Third New International Dictionary: Unabridged 1894 (1993); see also 13 Oxford English Dictionary 314 (2d ed. 1989).

A person "knowingly receives" child pornography under 18 U.S.C. § 2252A(a)(2) when he intentionally views, acquires, or accepts child pornography on a computer from an outside source.[4]

Under this statute's "knowingly receives" element, an intentional viewer of child-pornography images sent to his computer may be convicted whether or not, for example, he acts to save the images to a hard drive, to edit them, or otherwise to exert more control over them. Cf. United States v. Romm, 455 F.3d 990, 998 (9th Cir. 2006) (finding sufficient for "receiv[ing]" under Section 2252A that "Romm exercised dominion and control over the images in his cache by enlarging them on his screen, and saving them there for five minutes before deleting them"). Evidence that a person has sought out -- searched for -- child pornography on the

---

[4] This textually based interpretation of the "recei[pt]" statute is consistent with statements we made in an earlier case, United States v. Bobb, dealing with this same statute. 577 F.3d 1366 (11th Cir. 2009). In Bobb, we concluded that Congress did not intend to impose multiple punishments for child pornography "possess[ion]" and "recei[pt]" under Section 2252A. Id. at 1373-74. In coming to this conclusion, the Bobb Court noted, "[g]enerally federal statutes criminalizing the receipt of contraband . . . require a knowing acceptance or taking of possession of the prohibited item." See id. at 1372 (citing cases).

internet and has a computer containing child-pornography images -- whether in the hard drive, cache, or unallocated spaces -- can count as circumstantial evidence that a person has "knowingly receive[d]" child pornography.

Inadvertent receipt of child pornography is not a violation of the statute. We stress that Section 2252A(a)(2) criminalizes only "knowing[]" receipt. This element of scienter carries critical importance in the internet context given spam and the prevalence and sophistication of some computer viruses and hackers that can prey upon innocent computer users. For background, see Note, Child Pornography, the Internet, and the Challenge of Updating Statutory Terms, 122 Harv. L. Rev. 2206, 2211-14 (2009) (describing ways a person could unintentionally receive child pornography).

Under the statute, courts will address "knowing[] recei[pt]" mainly as issues of fact, not of law; and the specter of spam, viruses, and hackers must not prevent the conviction of the truly guilty. But prosecutors, judges, and juries have a duty to safeguard -- as best as they are able -- potential defendants when receipt of child pornography might well have been truly inadvertent. Given the stigma associated with even being accused of this kind of crime, the incentives as well as the opportunities for smears are readily present.

In this case, sufficient evidence existed to establish under Section 2252A(a)(2) that Defendant "knowingly receive[d]" child pornography on his work and home computers.

On Count One, involving the work computer, the evidence showed that on 15 March 2007, without a job-related need to do so, Defendant used his work computer to seek out and to view child-pornography images on the County's server via remote access. Defendant admitted knowing that the files contained child-pornography images when he opened the files out of "curiosity" and "stupidity." This evidence is sufficient for a reasonable jury to have concluded beyond a reasonable doubt that Defendant "knowingly receive[d]" child-pornography images on his work computer.

On Count Two, involving the home computer, the evidence showed that about 70 child-pornography images existed in the computer's cache, and over 200 child-pornography images existed in the computer's unallocated space.

In addition to the existence of child-pornography images on Defendant's computer, investigators found a record of internet searches using terms related to child pornography, such as "nude little boy" and "pre-teen," and a record of visits to websites with a child-pornography connection, including "boysnudity.com." Record evidence showed that the searches were performed on several separate

8

occasions under Defendant's own "HP Administrator" account. Although Defendant's computer forensics expert suggested that a Trojan virus was responsible for the child-pornography images found in the cache and unallocated space of the home computer, the jury had no obligation to credit that testimony. Sufficient evidence supported the conviction on Count Two given the totality of other evidence in this case, including the evidence that Defendant had admittedly sought out and viewed child pornography on an entirely different computer around the same time.[5]

A reasonable jury could have concluded beyond a reasonable doubt that Defendant "knowingly receive[d]" child-pornography images on his home computer.[6]

AFFIRMED.

---

[5] Defendant admitted to viewing child-pornography on his work computer on 15 March 2007. Evidence showed that the child-pornography searches on the home computer occurred in December 2006, April 2007, and May 2007.

[6] The jury acquitted Defendant on Count Three for possession of child-pornography images under 18 U.S.C. § 2252A(a)(4)(B), which Defendant argues must lead us to overturn his Count Two conviction. We disagree. Mere inconsistency of the jury verdicts cannot bolster Defendant's argument on appeal. See United States v. Valencia-Trujillo, 573 F.3d 1171, 1185 (11th Cir. 2009) ("'A defendant convicted by a jury on one count cannot attack the conviction because it was inconsistent with the verdict of acquittal on another count.'") (citing United States v. Brantley, 68 F.3d 1283, 1288 (11th Cir. 1995)).