[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

No. 10-13808
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00275-ODE-ECS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PRESTON DANIEL COOPER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 13, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Preston Daniel Cooper appeals his conviction for mailing child pornography in violation of 18 U.S.C. § 2252A(a)(1). He contends that the district court improperly admitted evidence of his prior convictions for child molestation and that the evidence at trial was not sufficient to support his conviction.

I.

After serving out a sentence for three counts of child molestation, Cooper was released from prison in September 2008 and went to live at a halfway house in Atlanta, Georgia. While there, Cooper used the halfway house's computer to look for images using specific search terms such as "naked young boys." He printed 28 images of children that he had found, which included male and female children of various ages. In March 2009 Cooper mailed an Easter card containing those images to his former cellmate who was still serving time in prison. To conceal his identity, Cooper used a false name and return address: "Simon Bareit, 6996 Beaver Lane, Atlanta, GA 31007."

A corrections officer intercepted the card and notified federal authorities of what she had found. After obtaining a search warrant, federal agents searched the halfway house and seized a computer on which they found files containing 27 of the 28 images that had been mailed to Cooper's former cellmate. The computer had been accessible to all of the halfway house residents, which included other sex

offenders, but the image files were found on Cooper's password protected portion of the computer's hard drive.

Cooper was indicted for one count of knowingly receiving child pornography as a result of his downloading the images and one count of mailing child pornography as a result of his sending them to his former cellmate. Before trial, the government filed a Federal Rule of Evidence 404(b) notice, indicating its intent to introduce evidence of Cooper's prior convictions for three counts of child molestation. Cooper responded with a motion in limine to exclude evidence of those convictions. The district court denied Cooper's motion and admitted the evidence under Rule 414 and alternatively under Rule 404(b).

At trial, two government witnesses who had viewed the images Cooper had mailed testified that they thought the images were of children under the age of 18—"some young," "some prepubescent," and "some just after puberty." An expert witness also testified that in his opinion the images appeared to be of real, and not virtual, children. The jury found Cooper not guilty of knowingly receiving child pornography, but found him guilty of mailing child pornography. The district court sentenced Cooper to the statutory minimum of 180 months imprisonment.

Cooper timely appealed from his conviction, contending that the district court erred in admitting evidence of his prior convictions and that the evidence the government introduced at trial did not sufficiently support the jury's guilty verdict.[1]  We deal with each in turn.

## II.

Cooper contends that the district court erred in admitting the evidence of his prior convictions under Rule 414 because that rule is unconstitutional on its face and as applied to him in this case.  We "avoid reaching constitutional questions in advance of the necessity of deciding them."  Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 445, 108 S.Ct. 1319, 1323 (1988).  And we can avoid the constitutional question in this case because the district court alternatively admitted the evidence of the prior convictions under Rule 404(b), which Cooper does not challenge on constitutional grounds.

---

[1] Cooper also contends that the district court's oral decision to admit evidence of his prior convictions and deny his motion in limine was insufficient to permit meaningful appellate review because the court did not explicitly identify the reasons why it concluded that the risk of unfair prejudice did not substantially outweigh the probative value under Rule 403.  The court, however, heard and considered extensive written and oral arguments from both sides about whether the unfair prejudice of the evidence of his prior convictions substantially outweighed its probative value.  Based on those arguments, the court admitted the evidence, explicitly finding that it satisfied the requirements of Rule 403.  The district court's decision and the parties' extensive arguments about whether the evidence of the prior convictions should be admitted under Rule 403 are enough for us to conduct a meaningful appellate review.  See Cox Enters., Inc. v. News-Journal Corp., 510 F.3d 1350, 1360 (11th Cir. 2007) ("We will find abuse of discretion only when . . . neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review.").

We review a district court's evidentiary rulings only for an abuse of discretion. United States v. Ellisor, 522 F.3d 1255, 1266 n.12 (11th Cir. 2008). Rule 404(b) provides that evidence of other crimes is not admissible to prove a person's character in order to show the person acted in conformity with that character. Fed. R. Evid. 404(b). Such evidence is admissible, however, if offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id. Thus for evidence of other crimes to be admitted under Rule 404(b), it must be relevant to an issue other than the defendant's character; the government must offer sufficient proof so that the jury could find the defendant committed the earlier crime; and the probative value must not be substantially outweighed by its unfair prejudice. Ellisor, 522 F.3d at 1267. Cooper does not argue that the evidence of his prior convictions was not relevant to something other than his character or that the proof the government offered of the prior convictions was insufficient. He argues only that the probative value of the evidence was substantially outweighed by its unfair prejudice.

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "In evaluating the district court's ruling under Rule 403, we view the evidence in the light most favorable to admission, maximizing its probative value

5

and minimizing its undue prejudicial impact." United States v. Bradberry, 466 F.3d 1249, 1253 (11th Cir. 2006). "The court's discretion to exclude evidence under Rule 403 is narrowly circumscribed. Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992) (quotation marks omitted). Similarity between the earlier crime and the charged conduct will make the earlier offense "highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005).

The evidence of Cooper's prior convictions was highly probative because it tended to show that the Cooper intentionally downloaded child pornography, that he knew the images were child pornography, and that he had not mistaken them for anything other than that. That showing was especially relevant to the government's case because Cooper admitted that he had downloaded the pornographic pictures, but argued at trial that he was unaware the images were pictures of minors. Additionally, any unfair prejudice was greatly minimized because the district court admitted the evidence in the limited form of certified convictions instead of live testimony, the specific details of the crimes were not disclosed, and the district court instructed the jury that the evidence was only to be

6

considered for the limited purpose of proving Cooper's intent, knowledge, and lack of mistake. Accordingly, the district court did not abuse its discretion by admitting evidence of Cooper's prior convictions under Rule 404(b).

## II.

We review de novo the sufficiency of the evidence, viewing the evidence in the light most favorable to the verdict. United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006). "It is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." Id. To establish the offense of mailing child pornography, the government must prove that the defendant (1) knowingly (2) mailed (3) any child pornography. See 18 U.S.C. § 2252A(a)(1).

Cooper argues only that the government failed to meet its burden in proving that the images were real, and not virtual, and that the images were of children who were actually minors. Sufficient evidence, however, supports the jury's verdict. Although Cooper denied that he knew the images were child pornography, he admitted to finding the images using search terms such as "naked young boys." See United States v. Pruitt, 638 F.3d 763, 767 (11th Cir. 2011) (finding circumstantial evidence, such as the fact that the defendant had searched

7

for images using terms like "nude little boy," sufficient for a jury to find that the defendant knowingly received child pornography). Two government witnesses testified that some of the images appeared to be of "young" and "prepubescent" children. See United States v. Smith, 459 F.3d 1276, 1287 (11th Cir. 2006) (holding that the actual photographs and the testimony of two witnesses that the photographs appeared to be of a minor child were sufficient so that "a reasonable juror could find beyond a reasonable doubt that the victim was so obviously a minor that the defendant must have known as much"). And one expert witness testified that in his expert opinion the images appeared to be of real and not virtual children.

The evidence of Cooper's prior convictions for three counts of child molestation also weighed against the possibility that he mistook the images for anything other than what they were—pornographic pictures of minor children. Finally, the jury was shown the images, and left free to conclude, based on its own judgment, that those images depicted actual children below the age of 18. See Smith, 459 F.3d at 1287. Accordingly, a reasonable jury could have concluded that Cooper knowingly mailed child pornography.

**AFFIRMED.**