[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12729
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00006-LGW-JEG-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

                              versus

DONALD DUANE SCHAFF,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 17, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Donald Schaff appeals his conviction for receipt of child pornography, 18 U.S.C. §2252A(a)(2). Schaff argues that his conviction must be reversed because the government failed to prove that he knowingly received child pornography. He asserts that the images found on his computer were all part of his internet cache, a collection of temporary internet files automatically downloaded onto his computer when he viewed certain websites. He contends that the government failed to prove that he was aware of the automatic caching process and knew how to access the cached images. Schaff also argues that the government failed to prove that the images he received traveled in interstate commerce. For the reasons set forth below, we affirm.

I.

Schaff was charged in a two-count indictment with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count One), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Two). At Schaff's trial, Special Agent Thomas West testified that he conducted a forensics examination of Schaff's laptop and desktop computers. Agent West explained that he discovered thumbnail images of child pornography in the "My eBooks" and "My Pictures" folders on Schaff's laptop. Those folders were associated with an account called "User," and the full user name for that account was "Donny."

2

Agent West explained that all of the images of child pornography on the laptop were contained in "thumbs.db" files. A "thumbs.db" file is a database that is automatically created when a user chooses to view all of the files within a particular folder in a thumbnail view. A user might do that "to quickly identify image files or other files inside that folder without having to open up every file that they come across until they find the one they're looking for." Even if a user deletes all of the images in a folder, the "thumbs.db" file remains unless the folder itself is deleted. In Agent West's opinion, the only way that images of child pornography could have wound up in the "thumbs.db" files was if Schaff had previously placed images of child pornography in those folders. The "My eBooks" folder was not a default save folder into which the computer would automatically save files. Thus, any images in that folder would normally have been placed there by the user. Some images contained embedded website addresses, indicating that they had been downloaded from the internet.

Agent West also testified that he also found 348 images of suspected child pornography on Schaff's desktop computer. Eleven of the images were found in two system files: the pagefile.sys file and the hyberfil.sys file. The pagefile.sys file stores anything that is in the computer's memory when the computer shuts down, and the hyberfil.sys file stores anything that is in the computer's memory

3

when the computer is placed into hibernation mode. The remaining 337 images were located in the unallocated space on the computer's hard drive. Agent West explained that, when a user deletes a file from his computer, the file actually remains on the hard drive until it is overwritten by other data. Such files are said to be in the computer's unallocated space.

Paul Petroski testified that he and Schaff were coworkers at the Naval Submarine Base in Kings Bay, Georgia. In February 2008, Schaff told Petroski that he had "screwed up big time." Petroski observed that Schaff's situation sounded "pretty serious," and Schaff replied, "Well, it depends on what they find on the computers." Schaff stated that he had "wiped the computers clean," but he explained that "they could still get the information off of there." Schaff remarked that he didn't know if it was worse to violate a protective order or to tamper with evidence. Another coworker, Joseph Carlino, also testified that Schaff had admitted deleting images from his computer.

Special Agent Greg Catey of the Federal Bureau of Investigation testified that he investigated cyber crimes for the agency's Peoria, Illinois office. He explained that some of the images found on Schaff's computers depicted a girl, "Cindy," who had been abused by her father. Her father made the images available over the internet. Dina Susan Koteen, a retired Special Agent from the

4

Florida Department of Law Enforcement, linked other images from Schaff 's computer to the case of a girl known as "Missy" who was abused by her father in the state of Florida. Missy's father uploaded images of her onto his computer and traded them with other predators over the internet.

The jury convicted Schaff on both counts in the indictment. The district court later granted Schaff's motion for a judgment of acquittal with respect to Count One, the possession charge, after determining that the Double Jeopardy Clause precluded Schaff from being convicted of both receipt and possession of child pornography with respect to the same collection of images. The district court sentenced Schaff to 121 months' imprisonment on Count Two.

## II.

We review *de novo* whether the evidence introduced at trial is sufficient to support a defendant's conviction. *United States v. Pruitt*, 638 F.3d 763, 765 (11th Cir. 2011). We view the evidence in the light most favorable to the government and make all credibility choices in the government's favor. *Id.* Evidence is sufficient to support a conviction if a reasonable jury could have found the defendant's guilt beyond a reasonable doubt. *Id.* To convict a defendant under § 2252A(a)(2), the government must prove that he "knowingly receive[d]" child pornography. 18 U.S.C. § 2252A(a)(2). "A person 'knowingly receives' child

5

pornography . . . . when he intentionally views, acquires, or accepts child pornography on a computer from an outside source." *Pruitt*, 638 F.3d at 766.

In this case, the government offered sufficient evidence to prove that Schaff knowingly received images of child pornography. Contrary to Schaff's assertions, this is not a case involving files automatically saved to an internet cache. Agent West explained that he discovered thumbnail images of child pornography in two user-controlled folders on Schaff's laptop computer. The government also presented evidence that Schaff intentionally deleted child pornography from his desktop computer. Two of Schaff's coworkers testified that Schaff admitted to deleting illicit files from his computer, and Agent West discovered images of child pornography in the computer's unallocated space, which is the portion of the hard drive where files are stored if they are deleted by the user. Based on this evidence, a reasonable jury could have found that Schaff knowingly received child pornography.

### III.

As noted above, we review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict. *Pruitt*, 638 F.3d at 765. At the time of Schaff's offense, § 2252A(a)(2) required the government to prove that the images of child pornography were "mailed, or shipped, or transported in

interstate or foreign commerce by any means, included by computer." *See* 18

U.S.C. § 2252A(a)(2) (2007).

In *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007), the Tenth

Circuit held that evidence that child pornography was downloaded from the

internet was insufficient to prove that the images moved in interstate commerce.

*Schaefer*, 501 F.3d at 1200-05. The Tenth Circuit recognized that "in many, if not

most, situations the use of the Internet will involve the movement of

communications or materials between states," but it noted that the government had

failed to offer any evidence that the specific images in Schaefer's case had crossed

state lines. *Id.* at 1201, 1205-06. Therefore, the Tenth Circuit reversed

Schaefer's convictions. *Id.* at 1207.[1] In contrast to the Tenth Circuit, the First,

Third, and Fifth Circuits all have held that proof of a defendant's use of the

internet is sufficient to satisfy the interstate commerce requirement of the federal

child pornography statutes. *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir.

1997); *United States v. Lewis*, 554 F.3d 208, 214-15 (1st Cir. 2009); *United States*

---

[1]In 2008, Congress effectively abrogated *Schaefer* by amending § 2252A(a)(2). The new version of the statute makes it a crime for a person to receive child pornography "that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(2)(A). Because the internet is a means or facility of interstate commerce, evidence that the defendant used the internet to obtain child pornography is sufficient to obtain a conviction under the new version of the statute, even without proof of an actual interstate transmission. However, Schaff was indicted under the pre-amendment version of § 2252A(a)(2)(A).

*v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002); *United States v. MacEwan*, 445 F.3d 237, 243-44 (3d Cir. 2006).

We have not decided in a published opinion whether evidence of a defendant's internet use, without more, is sufficient to satisfy the jurisdictional element in the pre-amendment version of § 2252A(a)(2), or whether, as *Shaefer* holds, the government must specifically show that the particular files were transferred through an interstate internet connection. We need not resolve that issue here because, in this case, the government was able to establish that some of the child pornography had been created in Illinois and Florida. To reach Schaff's computers in Georgia, those images necessarily had to cross state lines. Thus, the evidence was sufficient to satisfy the interstate commerce element of § 2252A(a)(2).

In *Schaefer*, however, the Tenth Circuit also drew a distinction between the original versions of the images and the "particular images" found on the defendant's computer. *Schaefer*, 501 F.3d at 1206. The Tenth Circuit observed that there was no indication that the particular images on Schaefer's computer had ever traveled in interstate commerce, even if the original images had been produced in another state. *Id.* Thus, under the Tenth Circuit's case law, the government must prove that the particular electronic image on the defendant's

computer was downloaded through an interstate connection. *See id.*

Schaefer's "particular images" holding has not been adopted by any other court. Moreover, the Tenth Circuit's rule does not appear to be supported by the language of § 2252A(a)(2), which criminalizes the possession of any "child pornography" that has passed in interstate commerce and does not draw any distinctions between an original image and an electronic copy of the same image. *See* 18 U.S.C. § 2252A(a)(2). Therefore, we reject the "particular images" approach of *Schaefer*. Because some of the child pornography on Schaff 's computer was created in other states, a reasonable jury could have concluded that the images traveled in interstate commerce. Accordingly, we affirm Schaff's conviction for receipt of child pornography.

**AFFIRMED.**