[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11091
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00046-MMH-PDB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS ROCKY DIXON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____


(October 23, 2014)

Before TJOFLAT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After a jury trial, Travis Rocky Dixon appeals his convictions for receiving child pornography, in violation 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  On appeal, Dixon argues that the evidence presented at trial was insufficient to support his convictions.  Specifically, Dixon contends the government failed to carry its burden to prove beyond a reasonable doubt that he was the perpetrator of downloading of child pornography on the computer located in his bedroom.  After review, we affirm.[1]

To convict a defendant under § 2252(a)(2), the government must prove that a person "knowingly receive[d]" child pornography. 18 U.S.C. § 2252(a)(2).  A person knowingly receives child pornography when he "intentionally views, acquires, or accepts child pornography on a computer from an outside source." United States v. Pruitt, 638 F.3d 763, 766 (11th Cir. 2011).  Likewise, to support a conviction under § 2252(a)(4)(B), the government must prove that a person "knowingly possesse[d]" child pornography. 18 U.S.C. § 2252(a)(4)(B).  To satisfy the knowledge element of § 2252(a)(4)(B), the government must make a showing that the defendant knew the files in question contained a visual depiction of minors

---

[1]We review de novo the sufficiency of the evidence presented in a criminal trial.  United States v. Dominguez, 661 F.3d 1051, 1061 (11th Cir. 2011).  "Evidence is sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilty beyond a reasonable doubt."  Id. (quotation marks and brackets omitted).  In conducting our review, "we view[ ] the evidence in the light most favorable to the government," and "assume that the jury made all credibility choices in support of the verdict."  Id. (quotation marks omitted).

engaging in sexually explicit conduct.  United States v. Alfaro-Moncada, 607 F.3d 720, 733 (11th Cir. 2010).

As a preliminary matter, Dixon concedes that his computer contained videos depicting child pornography.  Therefore, the only issue on appeal is whether there was sufficient evidence for the jury to find Dixon knowingly received and possessed those videos.  We readily conclude there was.

According to the trial evidence, two independent investigations by the Federal Bureau of Investigations discovered that someone at 2011 Locust Avenue, Palatka, Florida—where Dixon lived with his mother and elderly grandmother— was using a peer-to-peer file sharing program to download and share child pornography.  The user operated under the online name "Rocky," which was Dixon's middle name.  The only computer at 2011 Locust Avenue was in Dixon's bedroom, and was configured with the single user name "Rocky."

When investigators executed a search warrant at the 2011 Locust Avenue residence, the computer in Dixon's bedroom was in the process of downloading two videos of child pornography via the file sharing program, FrostWire.  At the time of the search, Dixon admitted to investigators that: (1) he was the primary user of the computer and used FrostWire to download videos, (2) the prior evening, he was alone in his room when he awoke and began downloading, and also previewed, files containing child pornography; (3) he used FrostWire to search for

3

pornography using terms such as "young girls" and "teens," that he knew would produce search results that often included very young girls, and (4) he had been downloading videos containing child pornography for about a year.

Forensic examination of Dixon's computer corroborated his confession, revealing that, the evening before the investigators executed the search warrant, a user selected two child pornography files for downloading and then previewed them early that morning. In addition, the computer's hard drive contained numerous other videos containing child pornography that had been shared over FrostWire.

Dixon's admission that he searched for and downloaded child pornography together with the corroborating evidence of downloaded child pornography found on his computer constituted sufficient evidence for a rational jury to conclude that Dixon knowingly received and possessed child pornography.

We recognize that Dixon argues that the evidence showed other people had access to his computer and thus could have downloaded the child pornography without his knowledge. However, given all of the evidence recounted above, a reasonable jury readily could have found Dixon guilty beyond a reasonable doubt even though the government failed to disprove definitively the possibility that other individuals who had access to the residence and his computer might have downloaded child pornography. The government is not required to exclude every

4

reasonable hypothesis of innocence in order for a reasonable jury to find guilty beyond a reasonable doubt. See United States v. Cruz-Valdez, 773 F.2d 1541, 1545 (11th Cir. 1985) (en banc). Dixon's defense that another person with access to the computer was the perpetrator was, at best, an alternative interpretation of the trial evidence that the jury was free to reject. See id. Dixon's defense depended almost entirely on the testimony of close friends and family as to who had access to the computer and when, and it is clear the jury found the investigators' testimony about Dixon's confession more credible than the conflicting and interested testimony of Dixon's witnesses. Dixon has given us no reason to disturb the jury's credibility determinations. See United States v. Flores, 572 F.3d 1254, 1263 (11th Cir. 2009) (explaining that we must accept the jury's credibility determination unless the witness is incredible as a matter of law).

Given the government's trial evidence, a reasonable jury could have found beyond a reasonable doubt that Dixon knowingly received and possessed child pornography.

**AFFIRMED.**