[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10636
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cr-00104-RBD-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDOLPH ST. GOURDIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 15, 2015)

Before MARTIN and ANDERSON,[*] Circuit Judges.

PER CURIAM:

_____

[*] This opinion is being entered by a quorum pursuant to 28 U.S.C. § 46(d).

Randolph St. Gourdin appeals his conviction for receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).  On appeal, St. Gourdin argues that his conviction is not supported by the evidence because he never "received" any of the images which form the basis of the charges.  Specifically, St. Gourdin never viewed the files and the files were inaccessible to him because they were located in unallocated space on his hard drive.  Furthermore, because the images were only partially downloaded, the portions actually downloaded may not have contained child pornography.  Finally, St. Gourdin contends that the evidence that he searched out and downloaded other child pornography images cannot be used to support a finding that he knowingly received the charged images.

Ordinarily we review challenges to the sufficiency of the evidence *de novo*, asking whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.  *United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 1633 (2013).  However, where a defendant presents his case after denial of a motion for judgment of acquittal and fails to renew his motion at the close of all of the evidence, we review the defendant's challenge to the sufficiency of the evidence for a manifest miscarriage of justice.  *Id.*  Under this standard, reversal of the conviction is warranted only where the evidence on a key element of the offense is so tenuous that the conviction is shocking.  *Id.*  In making

2

this determination, we view the evidence in the light most favorable to the government, accepting all reasonable inferences and credibility determinations that support the jury's verdict. *Id.*

Section 2252A(a)(2) criminalizes the knowing receipt of child pornography using mail or any means or facility of interstate commerce or that has been mailed, shipped, or transported in interstate commerce by any means including by computer. 18 U.S.C. § 2252A(a)(2)(A), (B); *see also United States v. Bobb*, 577 F.3d 1366, 1373 (11th Cir. 2009). An act is done knowingly when it was performed voluntarily and intentionally, not because of a mistake or accident. *United States v. Woodruff*, 296 F.3d 1041, 1047 (11th Cir. 2002). In the context of § 2252, the term "knowingly" refers to the defendant's knowledge of the fact that the material contains child pornography. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78, 115 S.Ct. 464, 472, 130 L.Ed.2d 372 (1994) (holding that "knowingly" refers to defendant's knowledge of both the sexually explicit nature of the material and the age of the performers). We have held that a person "knowingly receives" child pornography when he intentionally views, acquires, or accepts child pornography on a computer from an outside source. *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011). Evidence that a person has searched for child pornography on the internet and has a computer containing child pornography images, whether in the hard drive, cache, or unallocated space, can

3

count as circumstantial evidence that a person has knowingly received child pornography. *Id.* Finally, we have held that the use of the internet and a foreign-made computer in connection with a child pornography offense were among the items sufficient to satisfy the interstate commerce element. *United States v. Grzybowicz*, 747 F.3d 1296, 1306-07 (11th Cir. 2014).

Upon review of the record and consideration of the parties' briefs, we perceive no error.

The investigating Special Agent's testimony at trial was that St. Gourdin admitted to using a peer-to-peer file sharing program that he downloaded from the internet. He further admitted that he had used the program to search for and download child pornography. He admitted that he used search terms that located child pornography videos. He also told the agent that he would keep the images for about a week before deleting them.

This evidence established that the files at issue ended up in the unallocated space on St. Gourdin's hard drive only because he affirmatively downloaded and later deleted them. Moreover, St. Gourdin confessed to having searched for and downloaded child pornography to his laptop, and the images recovered were consistent with the search terms used. Finally, the video excerpts shown to the jury were proven to be excerpts of the videos St. Gourdin had partially downloaded, and those excerpts clearly depicted child pornography.

Because St. Gourdin failed to renew his motion for a judgment of acquittal at the close of all of the evidence, reversal of his conviction would be appropriate only to prevent a manifest miscarriage of justice. The evidence that St. Gourdin knowingly received child pornography was not so tenuous as to render his conviction shocking. Accordingly, we affirm.

**AFFIRMED.**