**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas BUI, Defendant–Appellant.**

**No. 15–11095**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 29, 2016.

Paul Jones, John Andrew Horn, Lawrence R. Sommerfeld, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Natasha Perdew Silas, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Bui appeals the sufficiency of the evidence to support his conviction for knowingly distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), following a bench trial. On appeal, Bui argues that the district court erred in concluding there was sufficient evidence to prove that: (1) he distributed child pornography through a file sharing program; and (2) he distributed a visual depiction of child pornography, rather than just a file fragment. After careful review, we affirm.

We review *de novo* the sufficiency of the evidence in support of a conviction in a criminal case following a non-jury trial. *United States v. Brown,* 415 F.3d 1257, 1270 (11th Cir.2005). We determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.* We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt. *United States v. Farley,* 607 F.3d 1294, 1333 (11th Cir. 2010). A verdict will be sustained where there is a reasonable basis in the record for it. *Id.*

First, we reject Bui's claim that there was insufficient evidence that he distributed child pornography through a file sharing program. It is unlawful to knowingly distribute a visual depiction that has traveled by any means in or affecting inter-state commerce, including by computer, if the producing of the visual depiction involved the use of a minor engaged in sexually explicit conduct and the visual depiction is of such conduct. 18 U.S.C. § 2252(a)(2). Similarly, it is unlawful to knowingly receive or distribute any child pornography or material containing child pornography that has been mailed or used in interstate commerce, including by computer. *Id.* § 2252A(a)(2).

In *United States v. Grzybowicz,* we vacated a conviction for distributing child pornography under § 2252A(a)(2) where the defendant sent pictures of child pornography to his own email address. 747 F.3d 1296, 1309 (11th Cir.2014). We noted that "[t]he word 'distribute' ordinarily means to deliver, give out, dispense, or disperse to others" and that peer-to-peer networks are one method of distributing files over the internet. *Id.* at 1307–08. We held that the distribution requirement under the U.S.S.G. § 2G2.2(b)(3) enhancement is therefore satisfied when a defendant posts child pornography to a publicly accessible website or makes it accessible to others by storing it in a shared folder connected to a file-sharing network. *Id.* at 1308. We observed that five other circuits had unanimously concluded that a defendant distributes child pornography when he transfers it to another person or makes it accessible through a file-sharing website or peer-to-peer network. *Id.* at 1308–09. But since Grzybowicz had not shared child pornography with anyone else or "put them where they could be shared without any further action on his part," the distribution element of § 2252A(a)(2) had not been met. *Id.* at 1309–10. We specifically noted that there was no evidence that he uploaded images to a file-sharing website or that images on his computer were accessible to other users of the file-sharing website. *Id.* at 1309.

"[T]he term 'knowingly' means that the act was performed voluntarily and intentionally, and not because of a mistake or accident." *United States v. Woodruff,* 296 F.3d 1041, 1047 (11th Cir.2002). Proof of an element of a crime may be established through circumstantial evidence or from inferences drawn from the conduct of an individual. *See United States v. Utter,* 97 F.3d 509, 512 (11th Cir.1996); *see also United States v. Pruitt,* 638 F.3d 763, 766 (11th Cir.2011) (stating that evidence that a person has searched for child pornography on the internet and has a computer containing child-pornography images can count as circumstantial evidence that a person has knowingly received child pornography).

■ Here, the district court did not err in determining that sufficient evidence supported the finding that Bui knowingly distributed child pornography. As the record reflects, Bui's shared GigaTribe folder contained over 100,000 child pornography files all available for his GigaTribe friends to download. For someone to gain access to Bui's child pornography files, he had to have become Bui's friend via invitation. And in fact, an undercover Federal Bureau of Investigation ("FBI") employee downloaded 105 child pornography files from Bui through GigaTribe after being authorized to access his shared folder. Thus, unlike in *Grzybowicz,* the evidence here showed that Bui freely allowed—and even authorized via GigaTribe's "friending" process—*others* to access the vast number of child pornography images he had stored in his shared folder. Indeed, our analysis in *Grzybowicz*—which dealt with § 2252A, a similarly worded companion statute to § 2252—instructs that a defendant distributes child pornography by making it accessible to other users through a file-sharing program. The evidence here—including the vast number of child

pornography files Bui made available for download, the mechanics of using GigaTribe, the authorization of access via GigaTribe's "friending" process, and the active running of GigaTribe on Bui's computer at the time of the search warrant—also showed that Bui used and knew how GigaTribe worked. Accordingly, the district court did not err in concluding beyond a reasonable doubt that by making so many child pornography files available for download in his shared folder and granting other GigaTribe users—like the undercover FBI employee—access to that shared folder, Bui acted voluntarily and knowingly in distributing child pornography.

We also find no merit to Bui's claim that there was insufficient evidence to show that he distributed a visual depiction of child pornography, rather than just a file fragment. A visual depiction for the purposes of 18 U.S.C. § 2252(a)(2) includes "data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means." 18 U.S.C. § 2256(5).

In a jury trial, where the defendant's motion for judgment of acquittal before the district court does not encompass his appellate argument for insufficiency of the evidence, we review for plain error. *See United States v. Joseph,* 709 F.3d 1082, 1103 (11th Cir.2013), *cert. denied,* —— U.S. ——, 134 S.Ct. 1273, 188 L.Ed.2d 310 (2014). However, a defendant in a bench trial is not required to make a motion for judgment of acquittal to preserve a sufficiency of the evidence challenge on appeal. *See United States v. Hurn,* 368 F.3d 1359, 1368 n. 5 (11th Cir.2004) ("Had this been a bench trial, a motion for acquittal would not have been necessary to preserve [the defendant's] 'sufficiency of the evidence' argument for appeal."); *see also Hall v.*

*United States,* 286 F.2d 676, 677 (5th Cir. 1960) (stating that sufficiency of the evidence in a bench trial should be reviewed as if there had been a formal motion for judgment of acquittal because "[t]he plea of not guilty asks the court for a judgment of acquittal, and a motion to the same end is not necessary").[1]

█ In this case, it is unnecessary to decide here whether the plain error standard applies because Bui's argument fails under *de novo* review. As the record reflects, Bui stipulated at trial that he had visual depictions constituting child pornography available in his shared folder. Further, the completed files downloaded by the undercover FBI officer from Bui's shared folder through GigaTribe contained visual depictions of child pornography. An FBI special agent testified that uploading on GigaTribe occurs "when a file is being transmitted from your computer to another computer in the GigaTribe network," that the undercover officer "actually downloaded approximately 105 files from Mr. Bui's hard drive over GigaTribe," and that when the undercover officer downloaded the files, "the download occurs directly between the sharer of the files ... and the recipient." Thus, there was a reasonable basis in the record for the district court to find that Bui distributed visual depictions of child pornography, not just file fragments.

**AFFIRMED.**

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.