[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16059
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20075-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY DARON JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 2, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Johnson appeals his conviction for distribution of child

pornography, 18 U.S.C. § 2252(a)(2) (Count Two).  On appeal, Johnson argues

that the evidence was insufficient to convict him, because no evidence showed that he transferred or delivered any images or videos to a third party.

We review *de novo* the sufficiency of the evidence in support of a conviction in a criminal case following a non-jury trial, resolving all reasonable inferences in favor of the verdict. *United States v. Brown*, 415 F.3d 1257, 1270 (11th Cir. 2005). We determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.* We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt. *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010). A verdict will be sustained where there is a reasonable basis in the record for it. *Id.*

Under 18 U.S.C. § 2252(a)(2), it is unlawful to knowingly distribute a visual depiction that has traveled by any means in or affecting interstate commerce, including by computer, if the producing of the visual depiction involved the use of a minor engaged in sexually explicit conduct and the visual depiction is of such conduct. 18 U.S.C. § 2252(a)(2). Likewise, § 2252A(a)(2) prohibits knowingly receiving or distributing any child pornography or material containing child pornography that has been mailed or used in interstate commerce, including by computer. 18 U.S.C. § 2252A(a)(2).

In *United States v. Grzybowicz*, we vacated a conviction for distributing

child pornography under § 2252A(a)(2), where the defendant sent pictures of child

pornography to his own e-mail address.  747 F.3d 1296, 1309 (11th Cir. 2014).

We noted that "[t]he word 'distribute' ordinarily means to deliver, give out,

dispense, or disperse to others" and that peer-to-peer networks are one method of

distributing files over the internet.  *Id.* at 1307-08.  We also noted that five other

circuits have unanimously concluded that a defendant distributes child

pornography when he transfers it to another person or makes it accessible through

a file-sharing website or peer-to-peer network.  *Id.* at 1308-09.  However, because

Grzybowicz did not share the child pornography in question with anyone else or

"put them where they could be shared without any further action on his part," we

held that the distribution element of § 2252A(a)(2) had not been met.  *Id.* at 1309-

10.  We specifically noted that there was no evidence that he uploaded images to a

file-sharing website or that images on his computer were accessible to other users

of the file-sharing website.  *Id.* at 1309.

"The term 'knowingly' means that the act was performed voluntarily and

intentionally, and not because of a mistake or accident."  *United States v.*

*Woodruff*, 296 F.3d 1041, 1047 (11th Cir. 2002).  Proof of an element of a crime

may be established through circumstantial evidence or from inferences drawn from

the conduct of an individual.  *See United States v. Utter*, 97 F.3d 509, 512 (11th

3

Cir. 1996); *see also United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011) (stating that evidence that a person has searched for child pornography on the internet and has a computer containing child-pornography images can count as circumstantial evidence that a person has knowingly received child pornography).

The district court did not err by determining that Johnson knowingly distributed child pornography when he made files available to other users on a peer-to-peer file-sharing program and a law enforcement officer downloaded the files. *See Grzybowicz,* 747 F.3d at 1309. Testimony shows that he understood how the file sharing program worked and that by keeping files in his shared folder, without disabling sharing, allowed others to access and download the files. Johnson had in fact disabled sharing on three files. The fact that the agent used a law enforcement version of the file sharing program is of no matter because the Government only needed to prove that Johnson made the files accessible, and, as the district court found, the Government would have been able to download the same images even if it had used the commercial version of the file sharing program. The district court found that it did and Johnson has not undermined the district court's finding. Accordingly, we affirm.

AFFIRMED.

4