[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12149

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL TODD MORRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cr-00100-RSB-CLR-1

_____

Before BRANCH and LUCK, Circuit Judges, and SMITH,[*] District Judge.

PER CURIAM:

A jury convicted Michael Morris of possessing child pornography in violation of 18 U.S.C. section 2252A(a)(5)(B). On appeal, he argues that the evidence was insufficient to show he knowingly possessed child pornography. Because the cellphone recovered from his bedroom had child pornography on it, along with material related to his other idiosyncratic fetishes that further linked him to the use of the phone, there was sufficient evidence for a reasonable jury to conclude that he knowingly possessed child pornography. So, we affirm his conviction.

## FACTUAL BACKGROUND

Michael lived with his parents, Donald and Sherri Morris.[1] In 2019, the United States Department of Homeland Security received forty-one tips from Microsoft that someone in the Morris home had been downloading child pornography. Agents executed a search warrant at the home and seized fifteen electronic devices, including a cellphone and Toshiba laptop from Donald's bedroom, a desktop computer from the storage room, and a LG cellphone, a

---

[*] The Honorable Rodney Smith, United States District Judge for the Southern District of Florida, sitting by designation.

[1] We use Michael instead of Morris to avoid confusion with his parents, who share the same last name.

Xperia cellphone, a MSI laptop, and an external hard drive from Michael's bedroom.  Agents also seized Donald's second cellphone from his work.

At the time of the search, Michael's bedroom was in disarray.  Clothes were piled everywhere, girls' panties overflowed from a large bin on the floor, urine smells percolated from water bottles on the nightstand, a sex toy and lubricant were left near the door, and two large stuffed animals—one lion and one bear—were splayed on the bed.  The bear had a hole ripped in its bottom and was wearing girls' swimsuit bottoms, a tutu, and a My Little Pony dress.  The LG cellphone was found on the bed next to the stuffed lion, the MSI laptop was found on his shelves, and the Xperia cellphone and external hard drive were found in the bedroom closet.  During the search warrant's execution, Agent Hillary Nielsen interviewed Michael, who said that the MSI laptop was his but that it no longer worked.  During the interview, Agent Nielsen also saw that Michael's hands were shaking, which she took as a sign of nervousness.

Next, Agent Antonio Whaley analyzed the devices and uncovered child pornography on the Xperia cellphone, the MSI laptop, the Toshiba laptop, the desktop computer, and the external hard drive.  On the Xperia cellphone, there was a collage of pornographic images separately depicting one female child performing oral sex on an adult male, a second naked female child with her genitals exposed and performing oral sex on a different adult male, a third young female with an eyebrow piercing, and a fourth female

appearing to be penetrated by a dog while she is performing oral sex on an adult male. On the MSI laptop, there was one image of three naked females, two of which were clearly children. The text at the top of the image said "only 3 to 16 years old." On the Toshiba laptop, there was a video of two naked female children, with at least one exposing her genitals. And on both the desktop and the external hard drive, there were numerous other images and videos of child pornography.

## PROCEDURAL HISTORY

A grand jury indicted Michael for possessing child pornography in violation of 18 U.S.C. section 2252A(a)(5)(B), and the case proceeded to trial. After the government rested, Michael moved for a judgment of acquittal, arguing that a reasonable jury would "necessarily entertain . . . reasonable doubt" because "the evidence g[ave] equal or nearly equal support to a theory of guilt and a theory of innocence." The district court denied the motion, and Michael rested. The jury found Michael guilty, and Michael renewed his motion for judgment of acquittal. In a written order, the district court denied the renewed motion, concluding that a reasonable jury could convict Michael of possessing child pornography because there was sufficient evidence connecting him to the Xperia cellphone and the other devices containing child pornography. Michael appeals the denial of his judgment of acquittal motions.

## STANDARD OF REVIEW

We review de novo a district court's denial of a motion for judgment of acquittal, "viewing the evidence in the light most

favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Keen*, 676 F.3d 981, 989 (11th Cir. 2012). "[W]e will not disturb a guilty verdict unless, given the evidence in the record, 'no trier of fact could have found guilt beyond a reasonable doubt.'" *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) (quoting *United States v. Lyons*, 53 F.3d 1198, 1202 (11th Cir. 1995)).

## DISCUSSION

Michael argues that the district court erred in denying his motions for judgment of acquittal because the evidence was insufficient that he knowingly possessed child pornography. He maintains that someone else in the home accessed the pornography. We disagree.

Section 2252A prohibits knowingly possessing child pornography that was downloaded from the internet. *See* 18 U.S.C. § 2252A(a)(5)(B); *United States v. Woods*, 684 F.3d 1045, 1059–60 (11th Cir. 2012). "[C]hild pornography," as defined in the statute, means any "visual depiction . . . of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8). "[K]nowingly" means the defendant understood the material showed minors engaging in sexually explicit conduct. *See United States v. Alfaro-Moncada*, 607 F.3d 720, 733 (11th Cir. 2010) (citing *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994)). And "possess[ing]" means "taking into one's control or holding at one's disposal." *Woods*, 684 F.3d at 1059 (quotation omitted). Thus, a defendant "who 'knowingly' views images of child pornography on a computer . . . takes those images

into his control" and possesses child pornography in violation of section 2252A(a)(5)(B).  *Id.*  A person searching for child pornography and having it on his computer is strong evidence that the person knowingly possessed child pornography.  *See United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011) (explaining that this evidence is probative for receipt of child pornography); *United States v. Bobb*, 577 F.3d 1366, 1373 (11th Cir. 2009) (explaining that the statute's provisions for "possess[ing]" and "receipt" of child pornography "proscribe the same conduct").

Here, the collage on the Xperia cellphone was sufficient evidence, by itself, for a reasonable jury to convict Michael of knowingly possessing child pornography.  First, the evidence showed that the Xperia cellphone had child pornography on it.  Stored on the Xperia cellphone was a collage separately depicting a female child with her genitals exposed while performing oral sex on an adult male, another female child performing oral sex on an adult male, and a young female with an eyebrow piercing.

Second, the evidence showed that the Xperia cellphone was under Michael's exclusive control.  It was found in his bedroom closet, and Donald testified that he never used this cellphone and that he and his wife, the only other people who lived in the house, were not responsible for cleaning Michael's room.

The internet history on the Xperia cellphone also matched Michael's idiosyncratic fetishes.  For example, in Michael's bedroom there was a large stuffed lion and bear; the search history on the Xperia cellphone had searches for both a large stuffed lion and

bear.  The stuffed bear in Michael's room was wearing a My Little Pony dress; the Xperia cellphone searched for My Little Pony television episodes.  The stuffed bear was wearing girls' swimsuit bottoms and a bin full of girls' panties was found on Michael's bedroom floor; the search history on the Xperia cellphone had searches for places to buy girls' swimsuits and panties.  There was a sex toy found behind the bedroom door and the stuffed bear had a hole in the bottom of it, which agents testified indicated it too was a sex toy; the Xperia cellphone searched for sex toys and stuffed animal pornography.  Girls' clothing was found throughout the bedroom; the search history on the Xperia cellphone had searches for cross-dressing males in girls' clothing.  There were no similar searches on either of Donald's cellphones, and Sherri did not have a cellphone.

Additionally, Michael's parents testified they had not searched for or downloaded child pornography, and Agent Nielsen testified that she found no connection between Donald and the child pornography.  Taken together, a reasonable jury could have found that Michael knowingly possessed the child pornography on his Xperia cellphone.  *See Pruitt*, 638 F.3d at 766.

We reached the same conclusion based on similar evidence in *United States v. Carroll*, 886 F.3d 1347, 1353 (11th Cir. 2018).  There, as here, a computer that was used to download child pornography was found in the defendant's home.  *See id.*  The defendant's mother and cat sitter had limited access to the defendant's home, just like Michael's parents had limited access to his bedroom.  *See id.*  And just as the Xperia cellphone's internet history

matched Michael's idiosyncratic fetishes, the computer's internet history in *Carroll* showed that the defendant used the computer because he filed tax returns on the same day as downloading child pornography and gaps in child pornography downloads corresponded to when the defendant was traveling. *See id.*

Michael, in response, offers six counterarguments. He principally argues, as he did in the district court, that the evidence equally showed that his father Donald was the one who downloaded the child pornography. In support, Michael points to search history on the shared desktop in which Donald allegedly searched for his favorite recording artist and then searched for child pornography two minutes later. Thus, Michael contends that Donald is responsible for the child pornography on the desktop.

This argument fails for two reasons. For one thing, even assuming Donald was responsible for the child pornography on the shared desktop, as we explained above, the child pornography on Michael's Xperia cellphone, by itself, was sufficient for the jury to conclude that Michael knowingly possessed child pornography. While Donald may have used the shared desktop, the evidence showed that he did not use Michael's cellphone. For another thing, Donald testified that he did not search for or download child pornography on any device, and Agent Nielsen agreed, finding no connection between Donald and the child pornography. Instead, she concluded that the child pornography on the five devices was Michael's because three of the devices were found in Michael's room and the internet activity on the five devices matched Michael's

22-12149                Opinion of the Court                9

unique interests.   The jury was allowed to credit Donald's and Agent Nielsen's testimony that the child pornography was not Donald's.  *See United States v. Parrado*, 911 F.2d 1567, 1571 (11th Cir. 1990) ("Credibility determinations are the exclusive province of the jury.").  While Michael's theory may provide "a reasonable hypothesis of innocence," this is not enough to overturn his conviction given that there was sufficient evidence supporting the jury's verdict.  *See United States v. Lebowitz*, 676 F.3d 1000, 1013 (11th Cir. 2012) (quotation omitted).

Michael's remaining arguments also fail.  First, citing *United States v. Rivenbark*, 748 F. App'x 948, 955–56 (11th Cir. 2018), he asserts that the evidence was insufficient to show that he possessed child pornography because there was no evidence that he actually viewed child pornography.  In *Rivenbark*, we explained that in a case where the defendant does not download child pornography, "the government ha[s] to prove that [the defendant] actually viewed the child pornography" to show possession.  *Id*. at 956–57 (citing *Woods*, 684 F.3d at 1059).[2]  But where, as here, the defendant knowingly downloads child pornography to a device within his control, there is sufficient evidence to show possession.  *See Carroll*, 886 F.3d

_____

[2] We note that *Rivenbark* is an unpublished opinion, which is not binding precedent, and we typically do not cite to unpublished opinions.  *See United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013).  Nevertheless, we do so here because Morris relies solely on *Rivenbark* for the argument that the government had to prove he actually viewed the pornography.

at 1353; *see also Woods*, 684 F.3d at 1059 (explaining that the defendant's vagueness challenge failed because he knowingly "downloaded child pornography to both" of his computers, which "clearly" established possession of the child pornography).

Next, he contends that the evidence was insufficient to show he possessed the child pornography on the Xperia cellphone because the electronic timestamp on the collage said the file was last accessed in 1970. But smart phones were not invented in 1970, and Agent Whaley testified that the timestamps on these devices were inaccurate. As with Donald's testimony, the jury was allowed to credit Agent Whaley's testimony about the inaccurate timestamp. *See id.*

Michael also maintains that the evidence was insufficient to show that he possessed child pornography because one of the females in the collage on Michael's Xperia cellphone had an eyebrow piercing. But, even if the female with the eyebrow piercing was not a child, the collage also included a female child performing oral sex on an adult male and a second naked female child with her genitals exposed and performing oral sex on another adult male. These other two pictures in the collage were child pornography. *See* 18 U.S.C. 2256(8).

Fourth, Michael claims that it was a "factual impossibility" that he possessed child pornography because the Xperia cellphone was so broken that Agent Whaley had to use advanced techniques to extract files from it. But the evidence showed that the Xperia cellphone was used to search for stuffed animals, My Little Pony

episodes, girls' swimwear and panties, and sex toys, and that the cellphone was used to download the collage. From this evidence, a reasonable jury could conclude that it was not a factual impossibility that Michael used the Xperia cellphone to download child pornography despite its state of disrepair at the time of the search.

Last, Michael argues that one of the searches on his Xperia cellphone for "young incest gay oral" was not a search for child pornography. Maybe so, but the evidence also showed that the Xperia cellphone was his and it had on it the collage with two female children performing sex acts on adult males. Even without the "young incest gay oral" search, the evidence was sufficient to conclude that Michael knowingly possessed child pornography. The district court did not err in denying his motions for judgment of acquittal.

**AFFIRMED**.