[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13869
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-10022-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ION BECKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 29, 2016)

Before MARCUS, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ion Becker appeals his convictions for three counts of receipt of child pornography and two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). No reversible error has been shown; we affirm.

I.

Becker first contends the district court abused its discretion in admitting eight images of child pornography, despite Becker's stipulation that his two laptop computers contained child pornography. Becker contends the introduction of this evidence was unfairly prejudicial.

We review for abuse-of-discretion a district court's evidentiary rulings. United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003). A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. We have said, however, that Rule 403 is an "extraordinary remedy which the district court should invoke sparingly." Dodds, 347 F.3d at 897 (quotations omitted). In considering admissibility under Rule 403, we view "the evidence in a light most favorable to its

2

admission, maximizing its probative value and minimizing its undue prejudicial impact." Id. Typically, "the prosecution is entitled to prove its case by evidence of its own choice," and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Old Chief v. United States, 117 S. Ct. 644, 653 (1997).

The district court abused no discretion in admitting the still images of child pornography. The images not only proved that Becker's computers actually contained child pornography -- a fact to which Becker had stipulated -- but also tended to show that Becker knew he was in possession of child pornography and to show his intent to possess child pornography. See United States v. Alfaro-Moncada, 607 F.3d 720, 734 (11th Cir. 2010) (although defendant stipulated that the DVDs contained child pornography, still images from the DVDs "also tended to show that [defendant] knew he was in possession of child pornography, a fact that he did not stipulate"); Dodds, 347 F.3d at 899 (admission of 66 child pornographic images was no abuse of discretion in part because the images tended to show defendant's knowledge that the images constituted child pornography and that defendant intended to collect such pornography).

The district court also took proper precautions to minimize unfair prejudice by admitting only a small portion of the hundreds of images discovered, cautioning jurors during voir dire that child-pornographic images might be offered into

evidence, striking jurors who indicated they could not be fair and impartial or who had religious objections, and by making viewing of the images optional to the jurors. See Alfaro-Moncada, 607 F.3d at 734; Dodds, 347 F.3d at 899. Because we cannot say that the risk of unfair prejudice outweighed the images' probative value, the district court abused no discretion in denying Becker's motion in limine.

## II.

Becker next challenges the sufficiency of the evidence presented at trial. "We review de novo the sufficiency of the evidence to support a conviction, viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Grzybowicz, 747 F.3d 1296, 1304 (11th Cir. 2014) (quotations omitted). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." Id. (quotations omitted).

To obtain a conviction for receipt of child pornography, the government must prove, among other things, that the defendant "knowingly receive[d]" child pornography through means affecting interstate commerce, "including by computer." 18 U.S.C. § 2252(a)(2). A person "knowingly" receives child

4

pornography "when he intentionally views, acquires, or accepts child pornography on a computer from an outside source."  United States v. Pruitt, 638 F.3d 763, 766 (11th Cir. 2011).  Likewise, to prove a defendant "knowingly possesse[d]" child pornography -- for purposes of obtaining a conviction under 18 U.S.C. § 2252(a)(4)(B) -- the government must prove that the defendant knew the files contained an unlawful visual depiction of minors engaging in sexually explicit conduct.  Alfaro-Moncada, 607 F.3d at 733.  "[T]he term 'knowingly' means that the act was performed voluntarily and intentionally, and not because of a mistake or accident."  United States v. Woodruff, 296 F.3d 1041, 1047 (11th Cir. 2002).

Proof of an element of a crime "may be established through circumstantial evidence or from inferences drawn from the conduct of an individual."  United States v. Utter, 97 F.3d 509, 512 (11th Cir. 1996).  For example, "[e]vidence that a person has sought out -- searched for -- child pornography on the internet and has a computer containing child-pornography images . . . can count as circumstantial evidence that a person has 'knowingly receive[d]' child pornography."  Pruitt, 638 F.3d at 766.

As an initial matter, Becker disputes only whether it was he -- and not another person -- who knowingly received and possessed the child pornography found on his two laptop computers.  That Becker's computers contained child

5

pornography and that the pornography was received through interstate commerce is undisputed.

Evidence presented at trial showed that Becker -- who had a college degree in computer arts -- owned and used extensively the two laptop computers found at his home. This evidence tended to show Becker's control over the computers where the child pornography was found. On both computers, Becker had downloaded, installed, and run ARES: a file-sharing program used commonly to search for and to download child pornography. In the ARES files and logs, officers found evidence that over 1,000 titles indicative of child pornography had been downloaded and also found search terms associated with child pornography. The government presented evidence of a large volume of pornographic videos and pictures that were stored and accessed regularly on Becker's laptops. On one computer, these images -- which were titled using explicit terms often used to identify child pornography files -- were saved in a folder on the desktop labeled with Becker's first name: "Ion." One of Becker's laptops also contained a log of Becker's Skype chat during which Becker commented that his new computer had a really good video card and that the "Porn is sharp. And clear." On this record, the government presented sufficient circumstantial evidence to allow the jury to infer that Becker received and possessed knowingly child pornography.

6

Although Becker presented some evidence that he allowed his friends to use his computers, nothing evidenced that these friends accessed Becker's computers with anywhere near the frequency with which the computers were being used to search for, download, and to view child pornography.  Moreover, the "jury is free to choose among reasonable constructions of the evidence": the evidence need not "exclude every reasonable hypothesis of innocence" to support a finding of guilt beyond a reasonable doubt.  United States v. Cruz-Valdez, 773 F.2d 1541, 1545 (11th Cir. 1985) (en banc); see also United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009) ("the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt").  The jury was also entitled to disbelieve Becker's testimony -- in which Becker asserted his innocence and questioned the veracity of his own witnesses' testimony about the frequency with which they accessed Becker's computers -- and to use Becker's testimony as substantive evidence of his guilt.  See United States v. Williamson, 339 F.3d 1295, 1301 n.14 (11th Cir. 2003).  "[W]e are bound by the jury's credibility determinations, and by its rejection of the inferences raised by the defendant."  United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005).

The record contains sufficient evidence from which a reasonable fact-finder could have found Becker guilty beyond a reasonable doubt.

AFFIRMED.

7