[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13447

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER SNOW,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:21-cr-00033-TES-CHW-1

————————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Snow appeals his convictions and 240-month sentence for distribution of child pornography and possession of child pornography. On appeal, Snow first argues that the government did not present sufficient evidence to support his convictions. Second, he argues that the district court erred in applying a five-level sentencing enhancement under U.S.S.G. § 2G2.2(b)(7)(D), which increases the offense level for possession of more than 600 images. Lastly, Snow argues that his sentence is substantively unreasonable. The facts of the case are known to the parties, and we repeat them here only as necessary to decide the case. After carefully considering the record and the parties' arguments, we affirm.

**I**

We hold that there was sufficient evidence in the record to support the jury's verdict. At trial, the jury convicted Snow of distribution of child pornography under 18 U.S.C. § 2252A(a)(2)(A) and possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Snow argues on appeal that the government did not present sufficient evidence, but he did not move the district court for a judgment of acquittal at the close of evidence, so we will reverse only to prevent a "manifest miscarriage of justice." *United States v. Hamblin*, 911 F.2d 551, 556–57 (11th Cir. 1990). "The test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial." *United States v. Mieres-*

*Borges*, 919 F.2d 652, 656–57 (11th Cir. 1990). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982). But "[w]hen the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008). With these standards in mind, we affirm both convictions because the trial evidence presented by the government was not "so tenuous that a conviction would be shocking." *United States v. Tapia*, 761 F.2d 1488, 1492 (11th Cir. 1985). We consider each conviction in turn.

First, possession. It is unlawful to "knowingly possess, or knowingly access with intent to view . . . an image of child pornography that has been . . . transported using any means or facility of interstate [commerce] . . . including by computer." 18 U.S.C. § 2252A(a)(5)(B). "Receipt" under § 2252A(a)(2)(A) necessarily entails "possession" under § 2252A(a)(5)(B). *United States v. Woods*, 684 F.3d 1045, 1059 (11th Cir. 2012). And in *United States v. Pruitt*, we held that a person "knowingly receives" child pornography when he "intentionally views, acquires, or accepts child pornography on a computer from an outside source." 638 F.3d 763, 766 (11th Cir. 2011). Importantly, "[e]vidence that a person has sought out—searched for—child pornography on the internet and has a computer containing child-pornography images—whether in the hard drive, cache, or unallocated spaces—can count as circumstantial evidence that a person has 'knowingly receive[d]' child

4                      Opinion of the Court                     23-13447

pornography." *Id.* (alteration in original). And "[w]e have long held that the term 'knowingly' means that the act was performed voluntarily and intentionally, and not because of a mistake or accident." *United States v. Woodruff,* 296 F.3d 1041, 1047 (11th Cir. 2002).

The government presented enough circumstantial evidence to show that Snow knowingly possessed child pornography. Three devices containing child pornography were seized: two from Snow's house (a Dell laptop and an HP computer tower) and one directly from Snow (a Samsung cell phone). All told, the three devices contained 95 images and 20 videos. Snow makes two arguments for why this evidence is not sufficient. First, he asserts that the images do not constitute possession because many were in caches and unallocated spaces. That is true, but some of the images and videos were in allocated spaces, which by themselves are sufficient to affirm the verdict. And regardless, images in caches or unallocated spaces can be circumstantial evidence of possession. *Pruitt,* 638 F.3d at 766; *Woods,* 684 F.3d at 1059.[1] Second, Snow argues that multiple users had access to the devices and, therefore, that the government did not prove that Snow possessed the child pornography on them. But Snow provides no evidence that multiple users had access to the phone, which was seized while in Snow's physical possession. Further, Snow misunderstands the standard.

---

[1] In his brief, Snow references two out-of-circuit cases that appear to set a higher standard than we do when it comes to images found in caches and unallocated spaces. *See United States v. Dobbs*, 629 F.3d 1199, 1205 (10th Cir. 2011); *United States v. Moreland*, 665 F.3d 137, 152 (5th Cir. 2011). But we are bound by *Pruitt*, not by *Dobbs* or *Moreland*.

The government need not "exclude every reasonable hypothesis of innocence." *Bell*, 678 F.2d at 549. And there is plenty of evidence for a jury to make the "reasonable inference[]" that the child pornography on the two computers was possessed by Snow. *Mendez*, 528 F.3d at 814. All the child pornography found on both computers was traceable only to Christopher Snow's accounts, and both computers were found in a padlocked room, which included a closet containing men's clothing and was marked with a sign reading "Snow."

Second, distribution. It is unlawful to "knowingly receive[] or distribute[] . . . any child pornography using any means or facility of interstate [commerce] . . . including by computer." 18 U.S.C. § 2252A(a)(2)(A). The government presented enough circumstantial evidence to show that Snow knowingly distributed child pornography. The initial CyberTip from Facebook was of child pornography sent by Facebook user Taylor Huff on Facebook Messenger. Investigator Hodges linked Snow to the images through his testimony that Snow had user accounts on all three devices, which contained visually similar images to the one sent by the Taylor Huff account, and through his evidence that the phone number in the CyberTip matched the one used as a recovery number for the email account christopherrsnow1987@gmail.com.

## II

We hold that the district court did not procedurally err in its sentencing. After the trial, among other enhancements, Snow received a five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D)

because the offense involved possession of more than 600 images. Snow argues on appeal that this enhancement should not have been applied, but he did not preserve a challenge to this enhancement at the district court, so "we review for plain error." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). "To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred." *Id.* "A sentence can be procedurally unreasonable if the district court improperly calculated the guideline range, failed to consider the 18 U.S.C. § 3553(a) factors, failed to adequately explain the sentence, or selected a sentence based on clearly erroneous facts." *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020).

Under § 2G2.2, the guideline for offenses involving the distribution of child pornography, a five-level enhancement applies if the offense involved 600 or more images. U.S.S.G. § 2G2.2(b)(7)(D). Application Note 6(B)(ii) states: "For purposes of determining the number of images under subsection (b)(7): . . . [e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images. If the length of the visual depiction is substantially more than 5 minutes, an upward departure may be warranted." *Id.* § 2G2.2, comment. n.6(B)(ii); *United States v. Carpenter*, 803 F.3d 1224, 1229 & n.1 (11th Cir. 2015) (applying this rule).

The district court did not err in applying the five-level enhancement for possession of 600 or more images.  As explained in the previous section, the three devices Snow possessed contained 95 images and 20 videos, totaling 1,595 images under Application Note 6(B)(ii).  Further, Snow explicitly conceded this point in his sentencing memorandum, where he wrote:  "Additionally, while he possessed more than 600 images, Mr. Snow did not have the exponentially larger number of images typically found by long-time consumers of child pornography."

### III

We hold that the district court did not abuse its discretion in imposing Snow's sentence.  At the sentencing hearing, the court imposed a sentence of 240 months' imprisonment on each count (distribution and possession) to run concurrently, for a total sentence of 240 months.  Snow argues that the sentence is substantively unreasonable because (1) the child pornography guidelines under § 2G2.2 result in a sentence greater than necessary to meet the sentencing factors of 18 U.S.C. § 3553(a) and (2) it creates unwarranted sentencing disparities.  "[T]he familiar abuse-of-discretion standard of review [] applies to appellate review of sentencing decisions."  *Gall v. United States*, 552 U.S. 38, 46 (2007).  "'A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'"  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (Birch,

J., dissenting)). "In the context of sentencing, the proper factors are set out in 18 U.S.C. § 3553(a), and a district court commits a clear error in judgment when it weighs those factors unreasonably, arriving at a sentence that does not 'achieve the purposes of sentencing as stated in § 3553(a).'" *Id.* (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Under § 3553(a), "[t]he district court's task is to impose a sentence that will adequately (1) 'reflect the seriousness of the offense,' (2) 'promote respect for the law,' (3) 'provide just punishment,' (4) 'afford adequate deterrence,' (5) 'protect the public from further crimes of the defendant,' and (6) provide the defendant with any needed training and treatment in the most effective manner." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1253–54 (11th Cir. 2015) (quoting 18 U.S.C. § 3553(a)(2)(A)–(D)). To promote these goals, "the district court [must] consider a variety of factors," such as:

> (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the kinds of sentences available, (4) the applicable sentencing guidelines range, (5) pertinent policy statements of the Sentencing Commission, (5) the need to provide restitution to any victims, and (6) the need to avoid unwarranted sentencing disparities.

*Id.* at 1254 (referencing 18 U.S.C. § 3553(a)). Neither of Snow's contentions give rise to an abuse of discretion. We consider each in turn.

23-13447                Opinion of the Court                      9

First, Snow argues that the child pornography guideline in § 2G2.2 is so flawed that it results in a sentence greater than necessary under the § 3553(a) factors. In particular, he posits that Congress's repeated intervention has short circuited the Sentencing Commission's normal empirical process, that the guideline isn't up-to-date with modern developments, and that empirical evidence shows that the disproportionate sentences are ineffective. He also cites the Sentencing Commission 2021 Report, which criticizes the § 2G2.2 guideline and recommends amendment. But we have rejected these arguments in materially similar precedent. In *United States v. Cubero*, we upheld a district court's reliance on § 2G2.2 despite a 2013 report from the Sentencing Commission which aired essentially the same grievances laid out by Snow. 754 F.3d 888, 898–900 (11th Cir. 2014). In doing so, we rejected the defendant's argument that we should remand "in light of the 2013 report's serious criticism of § 2G2.2" because, we said, neither the report nor empirical studies alter "our appellate duties in reviewing a § 2G2.2–based sentence or the district court's sentencing duties or discretion in any way." *Id.* at 900 (referencing *United States v. Shaw*, 560 F.3d 1230, 1239 (11th Cir. 2009)); *see also United States v. Wayerski*, 624 F.3d 1342, 1354–55 (11th Cir.2010) (rejecting similar policy arguments against the child pornography guidelines); *Pugh*, 515 F.3d at 1201 n.15 (same).[2]

---

[2] Snow's reference to *Kimbrough v. United States* is not on point. 552 U.S. 85 (2007). "*Kimbrough* 'empowered' the district courts with discretion to impose a variance based on a policy disagreement with the sentencing guidelines' crack/powder cocaine disparity but did not 'command' them to exercise that

Second, Snow asserts that the sentence created an unwarranted sentencing disparity in violation of § 3553(a)(6). In support of this argument, Snow provides evidence that most non-production child-pornography offenders receive a variance below the guideline range and emphasizes that the district court "gave significant weight" to the images shown at trial, which is only one of the § 3553(a) factors. But neither argument raises a substantive issue with the sentence. First, when a district judge "correctly calculate[s] and carefully review[s] the Guidelines range, he necessarily [gives] significant weight and consideration to the need to avoid unwarranted disparities." *Gall*, 552 U.S. at 54. And second, the district court need not "give all of the § 3553(a) factors equal weight and 'is permitted to attach "great weight" to one factor over others.'" *Rosales-Bruno*, 789 F.3d at 1254 (quoting *Shaw*, 560 F.3d at 1237).

★  ★  ★

For these reasons, the jury's verdict and district court's sentencing is **AFFIRMED**.

---

discretion." *Cubero*, 754 F.3d at 901 (quoting *Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013)). The Second and Third Circuit's criticisms of § 2G2.2 also do not move the needle. *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010); *United States v. Grober*, 624 F.3d 592, 608–09 (3d Cir. 2010). While out-of-circuit precedent can be persuasive, reliance on it is misplaced when our prior panel precedent has answered the question. *See United States v. Machado*, 804 F.2d 1537, 1543 (11th Cir. 1986).